Curia, per Wardlaw, J.
If the two notes represent what was left unpaid of the purchase money, then the balance, after deducting from their sum the liens, is $118 67. If we go back and look to the payments of which any evidence has been given,.then $200 paid and the liens deducted from $700, the consideration expressed in the deed, will leave a balance of $152 67. Why should not this note be paid from either of these balances 7
*172 The defendant objects that the note for $350* is outstanding in 'the hands of Mattison. Peradven ture payment of that note may never be claimed. But if it should be, this one was assigned first, and, therefore, is entitled to maintain the precedence which the priority of suit alone might give it. If both notes had remained in Smith’s hands, and this one had first been brought to trial, recovery upon it would have been had, and that recovery would have gone with the payments made upon the liens, to diminish the balance applicable to the other. If both notes had been assigned at the same instant to their present owners, equity might have apportioned between them the balance insufficient for payment of both, but probably the law would have applied the maxim, prior tempore potior jure.* But this one having been assigned first, the other stands towards it as if it was still in Smith’s hands. If they were progressing pari passu towards- judgment, a defence which would not have availed against this when it was assigned, but which was available against the other in part or in whole when it was assigned, must have gone only against the other; much more must it now, when this has come to trial before the other has been sued. The most that the defendant can ask is, that the case should be considered as if he had, before the assignment of this note, made all the payments which the breach of warranty has since, as he says, subjected him to. If so, as those payments still left a balance sufficient to pay this note, the present plaintiff, as as-signee, has a right to insist that he should be paid from that balance, and that no conduct of Smith after the assignment to the plaintiff, nor of the defendant after notice of that assignment, shall defeat him. Motion dismissed.
Richardson, O’Neall, Evans, Butler, and Frost, JJ. concurred.

 Broom’s L. M. 329.